PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DONALD K. MALONE, ) | |
| ) | CASE NO. 3:16CV1881 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| ) | |
| RONALD ERDOS, ) | **MEMORANDUM OF OPINION AND** |
| ) | **ORDER** [Resolving ECF Nos. 16, 18, 20, |
| Respondent. ) | 21, 25] |

Petitioner Donald K. Malone, an Ohio prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 3. The case was referred to Magistrate Judge Thomas M. Parker for a Report and Recommendation. Petitioner filed two Motions for Appointment of Counsel (ECF Nos. 16, 20) and a Motion for copies of various documents (ECF No. 21). Respondent filed a Motion to Dismiss. ECF No. 18. The magistrate judge issued a Report recommending that the Court grant Respondent's Motion to Dismiss and deny Petitioner's Motions as moot. ECF No. 22.

Petitioner did not file objections within the fourteen day cutoff set by Fed. R. Civ. P. 72(b)(2). *See also* ECF No. 22 at PageID #: 269 (informing Petitioner that "[a]ny objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document."). Several weeks later, Petitioner filed a

(3:16CV1881)

Motion seeking appointment of counsel, removal from the Southern Ohio Correctional Facility, and to Supplement the Record. ECF No. 25.

To the extent Petitioner's recent Motion (ECF No. 25) can be interpreted as objections to the magistrate judge's Report, the Court overrules the objections. The Court adopts the magistrate judge's Report and grants Respondent's Motion to Dismiss.

**I.  Background**

Petitioner pleaded guilty to corruption of a minor, abduction, and aggravated assault in the Marion County, Ohio Court of Common Pleas. ECF No. 18-1 at PageID #: 190. He did not appeal his sentence. He was later classified as a sexual predator, in accordance with the retroactive application of Ohio Rev. Code § 2950. *Id.* at PageID #: 248. Petitioner did not appeal this decision. This classification became final on February 16, 2004. *See* Ohio App. R. 4(A) (allowing 30 days to appeal).

After being released from prison, Petitioner was indicted and found guilty of two counts of rape, one count of kidnapping, two counts of intimidation of an attorney, victim, or witness in a criminal case, and one count of possessing criminal tools. ECF No. 18-1 at PageID #: 163. Petitioner pleaded guilty to the sexually violent predator specifications. Petitioner received an aggregate sentence of twenty-five years to life. *Id.* at PageID #: 170. On October 15, 2007, the appellate court affirmed the judgment of the trial court as to all counts except one count of intimidation of a witness. *Ohio v. Malone*, No. 9-05-43, 2007 WL 2983155 (Ohio App. Ct. Oct. 15, 2007). On February 3, 2009, the Ohio Supreme Court affirmed. *State v. Malone*, 121 Ohio

(3:16CV1881)

St. 3d 244 (2009). This decision became final on May 5, 2009. *See* R. S. Ct. 13 (allowing 90 days to file a writ of certiorari); ECF No. 18 at PageID #: 147–48.

Petitioner filed this Petition on July 1, 2016, asserting four grounds for relief. ECF No. 3.

## II. Standard of Review

Parties must file any objections to a report and recommendation within fourteen days of service. Fed. R. Civ. P. 72(b)(2). Failure to object within this time waives a party's right to appeal the district court's judgment. *Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

When objections have been made to a magistrate judge's Report and Recommendation, the district court's standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id*. Near verbatim regurgitation of the arguments made in earlier filings are not true objections. When an "objection" merely states disagreement with the magistrate judge's suggested resolution, it is not an objection for the purposes of this review. *Cvijetinovic v. Eberlin*, 617 F.Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010). Such "general objections" do not serve the purposes of Fed. R. Civ. P. 72(b). *See Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio April 7, 2006). "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to

3

(3:16CV1881)

consider the specific contentions of the parties and to correct any errors immediately.'" *Id.* (citing *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)). The Supreme Court upheld this rule in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), a habeas corpus case.

The Court has conducted a *de novo* review of the portions of the magistrate judge's Report to which Petitioner has properly objected.

### III. Discussion

The magistrate judge recommended that the Court grant Respondent's Motion to Dismiss. ECF No. 22 at PageID #: 269. Respondent urges the Court to dismiss the petition as untimely, and contends that neither equitable tolling nor Petitioner's claim of actual innocence is sufficient to overcome the state of limitations. ECF No. 18 at PageID #: 146, 148–52.

A federal petition for a writ of habeas corpus from a state-court judgment is subject to the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Section 2244(d)(1)(A) instructs that the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

#### A. Objections

To the extent Petitioner's Motion (ECF No. 25) can be construed as an objection, it is overruled. As a preliminary matter, the objection is untimely. Petitioner filed his Motion (ECF No. 25) on March 8, 2017[1]—over a month after the magistrate judge's February 2, 2017 Report

---

[1] Under the "prison mailbox rule," a *pro se* prisoner's filing "is deemed filed

(continued...)

4

(3:16CV1881)

([ECF No. 22](#)) and beyond the fourteen-day cutoff.  *See*  [Fed. R. Civ. P. 72(b)(2)](#).  Moreover, even if Petitioner had timely filed, he does not raise true objections to the magistrate judge's Report.  Petitioner's Motion complains largely of prison conditions, and does not reference the Report and Recommendation.  Petitioner contends that prison employees have been trafficking drugs into the prison or using smokeless tobacco while on duty.  [ECF No. 25 at PageID #: 274–75](#).  He also states that he is in danger because the prison officers will take revenge on him for reporting on their allegedly corrupt dealings.  *[Id.](#)* [at PageID #: 276](#).  Petitioner also includes an appeal from a grievance he filed, alleging that an officer was chewing smokeless tobacco.  [ECF No. 25-1](#).  Petitioner's grievance was denied when it was determined that the officer was chewing beef jerky.  *[Id.](#)* [at PageID #: 280](#).

These objections are not responsive to the magistrate judge's finding that Petitioner's claim was barred by the AEDPA's one-year statute of limitations.  Nor do they demonstrate that Petitioner is entitled to equitable tolling, or that he is actually innocent.  For these reasons, Court overrules Petitioner's objections, to the extent that they can be construed as such.  The Court adopts the magistrate judge's Report and Recommendation, and grants Respondent's Motion to Dismiss.

**B.  Petitioner's Motion ([ECF No. 25](#))**

---

[1](#)(...continued)
when it is handed over to prison officials for mailing to the court." *[Brand v. Motley](#)*[, 526 F.3d 921, 935 (6th Cir. 2008)](#).  Without other evidence, a prisoner "does so on the date he or she signed the [filing]."  Petitioner signed his Motion on March 8, 2017.  [ECF No. 25 at PageID #: 276](#).  As there is no evidence to the contrary, Petitioner's Motion is considered to have been handed over for mailing, and, therefore, filed, on March 8, 2017.

5

(3:16CV1881)

In the event that Petitioner's Motion is not an objection to the magistrate judge's report, it is denied as beyond the scope of habeas review. As described above, Petitioner's Motion challenges the conditions of his confinement. Petitioner has chosen the wrong mechanism to communicate his argument. Conditions of confinement are properly challenged in a 42 U.S. § 1983 action, not a habeas petition. *Turnboe v. Gundy*, 27 F. App'x 339, 340 (6th Cir. 2001) (affirming district court's denial of a prisoner's habeas petition that argued the petitioner was improperly transferred and citing *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991)).

Moreover, Petitioner fails to reveal an actual injury. Petitioner only expresses anticipatory concern for his safety. Similarly, he does not offer any reason authorizing the Court to invade the province of the State to determine where a convicted state prisoner should be confined. *See Lewis v. Casey*, 518 U.S. 343 (1996) (federal courts are not authorized to interfere with the state's administration of its prison unless an inmate shows actual injury).

Nor does Petitioner have a liberty interest in moving to another facility. *See Meachum v. Fano*, 427 U.S. 215, 225 (1987) (holding that transfer of a prisoner from one institution to another within the state prison system does not implicate the Fourteenth Amendment's Due Process Clause); *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998). Finally, to the extent Petitioner's Motion can be interpreted as a motion for a temporary restraining order or preliminary injunction, he has not met his burden of establishing "immediate and irreparable injury, loss, or damage[.]" Fed. R. Civ. P. 65(b)(1).

For the foregoing reasons, the Court denies Petitioner's Motion to Transfer.

(3:16CV1881)

## IV. Conclusion

The Court adopts the magistrate judge's Report and Recommendation, grants Respondent's Motion to dismiss, and denies Petitioner's Motions.

    IT IS SO ORDERED.

| | |
|---|---|
|  April 20, 2017  |  */s/ Benita Y. Pearson*  |
| Date | Benita Y. Pearson<br>United States District Judge |